Kirkpatrick, C. J.
— I am not willing to take upon myself the office of arbitrator between these parties, and determine the facts arising out of the case submitted, this being the proper province of a jury, and not the court; but as, in my view of the subject, it makes no difference whether the facts contended for by the plaintiff, exist or not, to save further expense to the parties, I consent to render judgment. The transaction, as disclosed by the testimony of Mr. Beck-man, the principal witness for the plaintiff, was an illegal one; the contract on which the plaintiff founds his claim, was made in violation of a positive law of the State. It is a settled rule, that a court of [*] law will not lend its aid to enforce such a contract. The defendant is therefore, clearly entitled to judgment.
Rossell, J. — Was of the same opinion.
Pennington, J.
— It appears to me, impossible to read the act for the suppression of lotteries, and the state of this case as detailed in the testimony of Mr. Beekman, the plaintiff’s principal witness, without feeling a conviction, that the cause of action arose out of a transaction which violated the statute law of the State. The statute declares all lotteries a public nuisance; and inflicts severe punishments on all persons who shall set up, erect, open or draw any lottery or lotteries, either publicly or privately; and then proceeds to enact, that if any person shall give, barter, sell, or otherwise dispose of any ticket or tickets in any lottery, whether erected, set up, opened or made in this State, or elsewhere', or if any person shall receive, or purchase the same, or any other way become an adventurer therein, &c. every person so offending, shall, for every such offence, forfeit and pay the sum of thirty dollars. If the plaintiff has any cause of action, it is because he became by purchase, an adventurer in a lottery. If this fact is not true, he has no right of action; it is on this contract that he founds his claim; it is immaterial whether he is liable to be indicted for this act or not. The act which be has done, and on which he founds his right to recover, is declared to be an offence against the law of the State, and the offender liable to be punished, by the in-' *650 fliction of a penalty. The transaction was illegal; and it is a settled rule, that courts of justice will not aid or render any assistance to enforce an illegal transaction; and this arises from a principle of public policy; not from any tenderness to the defendant. It would be the same if the parties were to change sides: where both are equally in fault, potior est conditio defendentis. I admit that there are cases where a particeps [*] criminis may sustain an action. For instance, the common one of usury. The borrower may maintain an action against the lender. The borrower, to save himself from jail, must havo the money at any rate; he is emphatically the slave of the lender; the parties are not equally criminal, and therefore the maxim, pari delicto* does not apply. The borrower is not only the less innocent, but considered as an oppressed man; and this action is not in affirmance of the contract, but in disaffirmance of it. A distinction has been set up betweén a case that is malum in se, and one that is malmn prohibitum; but where the transaction is illegal, and in contravention of a positive law, there is no difference; the court will not lend its aid to carry It into effect.
There are cases where money arising out of an illegal transaction, has come into the hands of a third party, as banker, broke]*, or agent, for the use of a party to the original transaction, where the party has been permitted to recover it in an action for money had and received, Goulds Esp. 24, 25. Those cases go on the ground, that the action is not brought on the original illegal transaction, but for money received by the agent for the use of the plaintiff, which he cannot in conscience retain. The learned counsel for the plaintiff has very ingeniously endeavored to bring his client’s case within the principle of those cases, by contending that the defendant received the money as agent for the plaintiff. But I think that this is not the correct interpretation of the transaction. The plaintiff was not known to the lottery company; he was no member of it. The agent of that company would not have been justifiable in paying any part of the money to him. If there was any agreement at all, it was this, that the plaintiff paid to the defendant, $3 50 on an agreement between them, that the defendant should pay to him one third of the money that he [*] should receive on that adventure; and this action is brought to enforce the fulfilment of that agreement. This agreement was in itself illegal, made in contravention of a statute of *651 the State, and in my opinion, the Court cannot, with legal propriety, sustain the action.
This view of the subject renders it unnecessary for me to consider tiie weight of evidence, or the propriety of the admissibility of Mr. .Beckman as a witness, as I have gone on the ground, that if even the case of the plaintiff is as the witness has testified, yet that ho is not entitled to tire maintenance of his action.
J udgment for defendant.

 Where both parties are equally criminal, better is the condition- of the defendant,